IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**FIDEL ANTONIO GARCIA and**
**ROSALINA C. GARCIA,**

       **Plaintiffs,**

v.                                                                                  Civil Action No. 3:11-CV-2771-N-BK

**JPMORGAN CHASE BANK, NA,**
**Successor by merger to Chase Home**
**Finance LLC,**

       **Defendant.**

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

      This case has been referred to the United States Magistrate Judge for pretrial management. The cause is now before the Court for a recommendation on Defendant's *Motion to Dismiss or, Alternatively, Motion for More Definite Statement*. (Doc. 4). For the reasons discussed below, the Court recommends that the motion to dismiss be **CONDITIONALLY GRANTED**.

**BACKGROUND**

      In October 2011, Plaintiffs brought this *pro se* action in state court against Defendant in connection with the imminent foreclosure of their home. They alleged that in March 2006, they signed a Note with Appian Mortgage, Incorporated, the lender for the subject property. (Doc. 1, Exh. C-1 at 3). Plaintiffs claimed that a foreclosure sale was scheduled on their home for October 4, 2011, but they had not received the requisite legal notice and had requested that Defendant, the loan servicer, make available to them, *inter alia*, the original Note. (*Id.*). Plaintiffs claimed that, although they had requested such documentation and researched county

records for it, they had not received it and thus had not been able to verify that Defendant was the owner and holder of the Note and Deed of Trust relating to their home. (*Id.* at 4). Plaintiffs alleged that Defendant therefore had no right to declare the Note in default and foreclose on their property. (*Id.*).

Plaintiffs sued Defendant for (1) violating the Texas Business and Commerce Code by failing to show that it held the original Note on the property; (2) violating Texas Debt Collection Practices Act ("TDCPA") Sections 392.301, 392.303, and 392.304 by failing to show that it held the original Note; (3) engaging in wrongful debt collection practices (presumably under the TDCPA) based on Defendant's attempt to collect on the Note and foreclose without showing that it held the original Note; (4) and violating the TDCPA by harassing Plaintiffs in threatening foreclosure. (*Id.* at 4-6). Plaintiffs also requested that the state court issue a declaratory judgment, stating that Defendant must produce the original Note and various other documents and declaring that, *inter alia*, Defendants had acted unconscionably toward them. (*Id.* at 6-7). Defendant removed the case to federal district court and now requests dismissal of all of Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6).[1] (Doc. 1; Doc. 4). In the alternative, Defendant argues that Plaintiffs should be ordered to file a more definite statement. (Doc. 4 at 2).

When Plaintiffs failed to timely respond to Defendant's *Motion to Dismiss*, the undersigned directed them to do so by December 23, 2011, lest they risk dismissal of their case without further notice. (Doc. 7). As of the date of this recommendation, Plaintiffs have filed no

---

[1] While Defendant reads Plaintiffs' complaint to raise substantive claims of common law fraud, intentional misrepresentation, and negligence, the undersigned does not construe the complaint so broadly.

2

responsive pleadings. Accordingly, the Court deems the case ripe for consideration.

## MOTION TO DISMISS

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).

Defendant argues in its dismissal motion that all of Plaintiffs' claims are premised, at least in part, on their allegation that Defendant has not proved that it holds the original Note they executed and, as a result, cannot foreclose on their property. (Doc. 5 at 3). Defendant contends that Texas law does not require that it hold the original Note, and various courts have dismissed similar cases based on the identical "show me the note" theory. (*Id.* at 4-6). Additionally, Defendant contends that Plaintiffs have not alleged sufficient facts in support of their claims. (*Id.* at 6-7). Finally, Defendant urges the Court to dismiss Plaintiffs' request for declaratory relief because it is unfounded in law or fact. (*Id.* at 8).

Under Texas's Business and Commerce Code, a person entitled to enforce a negotiable

instrument, such as a promissory note, can be "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to [other code sections]." TEX. BUS. AND COMM. CODE § 3.301. In fact, one may be "entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument." *Id.* With one exception discussed below, Plaintiffs' substantive claims stem from their belief that Defendant had to show that it was the holder of the Note on their property. However, that is plainly not the case. *Id.*; *see also Wells v. BAC Home Loans Servicing, L.P.*, 2011 WL 2163987, *2 (W.D. Tex. 2011) (rejecting the plaintiffs' "show me the note" theory under which the homeowners facing foreclosure sought to require the foreclosing entity to produce the original note) (collecting cases). Accordingly, those claims should be dismissed for failure to state a claim.

Plaintiffs' claim, for violation of the TDCPA based on Defendant allegedly threatening Plaintiffs with foreclosure, is wholly conclusory. Plaintiff's complaint does not contain either direct allegations on the points necessary to sustain a recovery on this claim, nor does it contain any allegations from which an inference may be drawn that such evidence exists. *Campbell,* 43 F.3d at 975. It essentially contains minimum facts and then a conclusory allegation as to this purported cause of action under an unnamed section of the TDCPA and, thus, cannot survive Defendant's *Motion to Dismiss*. (Doc. 1, Exh. C-1 at 6); *Collins,* 224 F.3d at 498. For all of these reasons, Plaintiffs' substantive claims should be dismissed.

Finally, Plaintiffs' request for injunctive relief also does not survive the motion to dismiss. The federal Declaratory Judgment Act provides that "[i]n a case of actual controversy

4

within its jurisdiction . . . [with exceptions not relevant here], any court of the United States, upon the filing of an appropriate pleading, may declare the rights . . . of any interested party seeking such declaration . . ." 28 U.S.C. § 2201(a). This Act does not create an independent source of federal jurisdiction, but merely provides a remedy if there is, in fact, a judicially remediable right. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). In this case, because Plaintiffs' substantive claims fail for the reasons stated above, Plaintiffs are not entitled to any relief under the Declaratory Judgment Act. Accordingly, Plaintiffs' claims under that Act should be dismissed as well.

## MOTION FOR MORE DEFINITE STATEMENT

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000). Here, Plaintiffs failed to respond to Defendant's motion to dismiss, and have not moved for leave to amend their petition. Nevertheless, as an alternative to their request for dismissal, Defendant moves for a more definite statement regarding the relief they seek. (Doc. 4).

Notwithstanding Plaintiffs' failure to respond or to plead sufficient facts to support their statement that they did not receive the requisite legal notice regarding the foreclosure, courts are inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314 at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600 at *2 (N.D. Tex. Feb. 13, 2001). Courts, therefore, typically allow *pro se* plaintiffs to amend their complaints when the action is to

be dismissed pursuant to court order. *See Sims*, 2001 WL 627600 at *2. Dismissal with prejudice, however, is appropriate if a court finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Because Plaintiffs have not had an opportunity to amend their complaint and they might be able to allege a better case against Defendant in relation to their claim regarding Defendant's allegedly inadequate notice of the foreclosure sale, they should be accorded one last opportunity to amend their complaint as to that issue only. Accordingly, *Defendant's Motion for a More Definite Statement* (Doc. 4) should be **GRANTED** to that extent.

## CONCLUSION

For the reasons set forth above, Defendant's *Motion to Dismiss or, Alternatively, Motion for More Definite Statement* (Doc. 4) should be **GRANTED**. Unless Plaintiffs file an amended complaint that states a claim against Defendant within the 14 days allotted for objections to this recommendation or a deadline otherwise set by the Court, the case against Defendant should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on February 2, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

6

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE